UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE BURLINGTON INSURANCE COMPANY,

    Plaintiff,

v.                                                           Case No.:  8:07-cv-2204-T-24-TBM

PK & JK, INC. and
JAMES F. THOMPSON,

    Defendants.
_____/

## **O R D E R**

This cause comes before the Court on the parties' cross motions for summary judgment. (Doc. Nos. 18, 19, 20.)  Plaintiff The Burlington Insurance Company ("Burlington) seeks a declaration that it does not have a duty to defend or indemnify Defendant PK & JK, Inc. ("PK & JK") for the claim that Defendant James F. Thompson brought against PK & JK for injuries and damages he allegedly sustained on November 11, 2005.

**I.    Background**

The undisputed facts are as follows: Burlington issued a liability insurance policy to PK & JK, Policy Number 019B008324, for the period beginning November 8, 2004, and ending November 8, 2005.  On September 19, 2005, TAPCO Underwriters, an insurance broker for Burlington, sent a "courtesy expiration notice" to Laake Financial Service, Inc. ("Laake"), PK & JK's insurance agent, which stated that the policy was scheduled to expire on November 8, 2005. The notice further stated that if a renewal quote is needed, Laake should forward a completed renewal application at least 20 days before the policy's expiration date.

On November 3, 2005, TAPCO received an application for renewal of the policy from Laake. On November 8, 2005, TAPCO submitted the renewal application to Burlington for a premium quote. That same day, Burlington sent TAPCO a quote for the renewal of the policy. TAPCO forwarded that quote to Laake on November 10, 2005. The quote letter instructed Laake to "call [TAPCO's] office to bind coverage." Neither Laake nor PK & JK requested that renewal coverage be bound.

Once Laake received the renewal quote on November 10, 2005, it contacted PK & JK's mortgage company and requested a check for the renewal premium. On November 17, 2005, Laake received the check, deposited it, and mailed it to TAPCO.

TAPCO received the check for the policy renewal premium on November 21, 2005. This was the first indication that TAPCO received from Laake after the premium quote was issued that PK & JK intended to accept the quote and renew the policy. Once TAPCO received the check, TAPCO contacted Burlington and received permission to bind coverage with an effective date of November 21, 2005. Burlington subsequently issued a second policy of liability insurance to PK & JK under Policy Number 019BR00047 for the period beginning November 21, 2005, and ending on November 21, 2006.

There was a lapse in PK & JK's liability insurance coverage from November 8, 2005 through and including November 20, 2005. Defendant Thompson filed a negligence action against PK & JK in state court in which he seeks to recover damages from PK & JK for injuries he allegedly sustained on November 11, 2005.

**II.     Standard of Review**

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure


materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1243 (11th Cir. 2001) (quotations and citation omitted).

**III.   Discussion**

Burlington argues that Thompson's alleged injuries occurred during a lapse in coverage between the effective dates of the two insurance policies, which was caused by the failure of PK & JK's insurance agent, Laake, to request that the renewal of the first policy be bound. Burlington therefore moves the Court to declare that there is no insurance coverage for Thompson's November 11, 2005 accident under the policies of liability insurance issued to PK & JK, and that Burlington has no duty to defend or indemnify PK & JK for Thompson's claim.

PK & JK does not dispute the fact that there was a lapse in coverage from November 8, 2005 through and including November 20, 2005, or that Thompson's alleged injuries occurred during that lapse in coverage on November 11, 2005. Rather, PK & JK contends that the policy required Burlington to notify it directly of the renewal premium (rather than notifying TAPCO) because PK & JK could not timely accept Burlington's offer of renewal until it received that notice. PK & JK points to Subsection (B)(2) of the section of the policy entitled "Florida Changes–Cancellation and Nonrenewal," which reads:

> NONRENEWAL
> 1. If we decide not to renew this policy we will mail or deliver to the first Named Insured written notice of nonrenewal, accompanied by the reason for nonrenewal, at least 45 days prior to the expiration of this policy[.]
> 2. Any notice of nonrenewal will be mailed or delivered to the first Named Insured's last mailing address known to us. If notice is mailed, proof of mailing will be sufficient proof of notice.

PK & JK urges the Court that this provision of the policy, although applicable to notice of *nonrenewal* and not notice of *renewal premiums*, logically should be interpreted to impose on Burlington a duty to provide notice directly to PK & JK of the quote for the renewal premium.

Furthermore, this duty to notify it directly of the quote for the renewal premium was, in PK & JK's view, a non-delegable duty that could not be satisfied by providing notice solely to TAPCO. PK & JK argues that Burlington breached its contractual and fiduciary duties by providing notice of the renewal quote only to TAPCO, and therefore, should be estopped from asserting that the policy lapsed for non-payment of the renewal premium. PK & JK has asserted a counterclaim against Burlington for a declaration that the policy was timely renewed and that Burlington has a duty to defend and indemnify PK & JK for Thompson's claims.

The Court, however, concludes that PK & JK has not shown that Burlington had a duty, either contractually or by law, to deliver its renewal premium quote directly to PK & JK. The policy provision relied upon by PK & JK clearly applies only to notices of nonrenewal in the case of Burlington's decision not to renew the policy. It does not apply to instances such as in this case when the insured has not yet notified the insurer of its decision to renew, nor does it impose a duty on Burlington to provide notice of renewal premiums directly to PK & JK. The Court must construe the contract "in accordance with the plain language of the policies as bargained for by the parties." *Auto-Owners Ins. Co. v. Anderson*, 756 So. 2d 29, 34 (Fla. 2000).

Notably, PK & JK does not contend that any provision in the policy is ambiguous and even concedes that "[t]he policy is silent as to how Burlington would notify its insured of the renewal premium."

The Court also rejects PK & JK's argument that notification of the renewal premium was a non-delegable duty because, as the Court has already found, Burlington did not have any such duty. And, even if it did have that duty, PK & JK has not shown that it could not be delegated to Burlington's agent, TAPCO.

Moreover, PK & JK has not shown facts to support the elements of equitable estoppel. The Florida Supreme Court has ruled that "the form of equitable estoppel known as promissory estoppel may be utilized to create insurance coverage where to refuse to do so would sanction fraud or other injustice." *Crown Life Ins. Co. v. McBride*, 517 So. 2d 660, 662 (Fla. 1987). PK & JK has failed to point to any evidence to show that it relied on any representation by Burlington to its detriment, nor has it shown that to deny coverage would sanction fraud or injustice. Neither *Cummins v. Allstate Indemnity Co.*, 732 So. 2d 380 (Fla. 4th DCA 1999), nor *Hepler v. Atlas Mutual Insurance Co.*, So. 2d 681 (Fla. 1st DCA 1987), cases cited by PK & JK, require a different result as they are both factually distinguishable from this case.

**IV. Conclusion**

For the foregoing reasons, the Court concludes that Burlington does not have a duty to defend or indemnify PK & JK for Thompson's claim for injuries and damages he allegedly sustained on November 11, 2005. Burlington's Motion for Summary Judgment is **GRANTED**, and PK & JK's Motion for Summary Judgment is **DENIED**. The Clerk is directed to enter judgment in favor of The Burlington Insurance Company and against PK & JK, Inc., and to close

this case. Furthermore, the pretrial conference scheduled in this case for Wednesday, January 7, 2009 is hereby **CANCELLED**, and this case is removed from the Court's February 2009 trial calendar.

      **DONE AND ORDERED** at Tampa, Florida, this 6th day of January, 2009.

                                                    SUSAN C. BUCKLEW
                                                    United States District Judge

Copies to:
Counsel of Record